
IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>LPS CONTRACTING INC.<br>EIN: 52-2401689<br><br>Debtor. | Chapter 7<br><br>Case No. 2:16-bk-06966-PS<br><br>**ORDER GRANTING APPLICATION FOR 2004 EXAMINATION**<br><br>Re:  LPS Contracting Incorporated |

This matter having come before the Court on the State of Arizona *ex rel.* Arizona Department of Revenue's *Application for 2004 Examination* (the "Application") pursuant to Federal Rule of Bankruptcy Procedure 2004, and good cause appearing,

**IT IS THEREFORE ORDERED** that the Application is GRANTED.

**IT IS FURTHER ORDERED** that a representative from the Debtor shall appear and testify at an examination to be recorded by audio, audiovisual, or by stenographic means at the Office of the Attorney General, 2005 North Central Avenue, Phoenix, AZ 85004 on a date and time agreeable to the parties or, if upon notice, after not less than 21 days' written notice, and on successive days thereafter until completed.

**IT IS FURTHER ORDERED** that the Debtor shall produce copies of the documents, including electronically stored information, within its possession, custody, or control listed in Exhibit "A" attached hereto in accordance with Fed. R. Civ. P. 34 to the undersigned counsel via either email directed to matthew.silverman@azag.gov or by hand or mail delivery to the attention of Matthew A. Silverman, Bankruptcy & Collection Enforcement, Arizona Attorney General's Office, 2005 North Central Avenue, Phoenix, AZ 85004 on a date and time agreeable to the parties or, if upon notice, after not less than 21 days' written notice.

**IT IS FURTHER ORDERED** that the State of Arizona *ex rel.* Arizona Department of Revenue shall promptly serve this Order on the Debtor and file a certificate of service therefore.

SIGNED AND DATED ON PAGE ONE

#7392942/BCE18-04692

# EXHIBIT "A"

## I. INSTRUCTIONS

A. This *Request for Production of Documents* shall be deemed to be a request for the production of all documents enumerated below, whether prepared by you or by any other party, which are in your possession, custody, control or in the possession, custody or control of anyone acting on your behalf, including but not limited to your attorney(s), accountant(s), consultant(s), receiver(s), employee(s) or agent(s).

B. With respect to each *Request for Production of Documents*, the Request will be permitted as requested, unless the Request is objected to, in whole or in part, with a stated reason for the objection.

1. If an objection is made to part of a Request, that part shall be specified and the remaining parts of the Request shall be permitted.
2. As to each document you are withholding from production on the basis of an asserted privilege, you are to provide the following information: (1) title and description; (2) date; (3) author; (4) recipients; (5) number of pages; (6) subject matter; (7) method of transmission; and (8) the specific grounds for withholding the document.

C. A summary shall be attached to the completed *Request for Production of Documents* listing each specific request for production and indicating the documents produced thereunder and if not produced, in whole or in part, a stated reason shall be given for the non-production.

D. In the event of a conflict in the Definitions or if a Definition is unclear, incomplete or missing, the parties and/or the Court shall apply the following: Fed. R. Bankr. P. 2004 and 9016, and Fed. R. Civ. P. 34.

E. Each Request shall be construed to impose upon the party answering it the continuing obligation to produce any and all responsive documents in its possession, custody, or control, including any responsive documents of a wholly-owned subsidiary that is not a party to the action.

F. Each Request shall be construed to impose upon the party answering it the continuing obligation to supplement the answer thereto with information later learned by such party which is necessary to make the answer complete or correct.

G. All *Requests for Production of Documents* are for the Relevant Time Periods unless otherwise stated.

H. All documents, including electronically stored information, shall be produced to via either email directed to matthew.silverman@azag.gov or by hand or mail delivery to: Office of the Attorney General, Attn: Matthew A. Silverman, Bankruptcy & Collection Enforcement, 2005 N. Central Ave., Phoenix, AZ 85004-1592.

## II. DEFINITIONS

A. "LPS" refers to LPS Contracting Inc. and where applicable, its agents, representatives, officers, members, or employees.

B.   "Account" means any financial account, including but not limited to investment, savings, checking, money market, brokerage, PayPal, Venmo, reloadable gift cards or any other type of financial accounts, wherever located.

C.   "Agreement" or "Agreements" means any agreement, contract, lease, settlement, stipulation, or memorandum of understanding, formal or informal, written or oral, without regard to its enforceability or validity at law or in equity.

D.   "Bankruptcy Case" means Bankruptcy Case No. 2:16-bk-06966-PS.

E.   "Business" means all activities associated with or incidental to the business of LPS.

F.   "Business Records" means general ledgers, asset schedules, balance sheets, monthly profit and loss statements, income statement, schedule of accounts payable, schedule of accounts receivable, inventory lists, K-1's, other financial statements and a schedule of all distributions or payments of personal expenses made by LPS on behalf of any party with an ownership interest in LPS.

G.   "Communication" or "Communications" refers to all correspondence, notes, emails, faxes, memoranda, and all other forms of written or electronic communication. Communications with the "Debtor" would also include communications with Debtor's officers, members, board members, agents, consultants, representatives, and employees.

H.   "Debtor" or "Debtor's" refers to LPS Contracting Inc., including, but not limited to, its officers, members, agents, consultants, representatives, and employees.

I.   "Document" or "Documents" is intended to have the broadest possible meaning under Fed. R. Bankr. P. 2004 and 9016 and includes, but is not limited to, any handwritten, recorded, printed, typed, computerized, graphics or photographic material of any kind or character as well as any electronically stored information.

J.   "Identify" when used with a Person, means: (1) the full name, principal/residential address, email, and phone numbers (or, if the current address or other information is not known, the last known address or information) of the Person; (2) the Person's present (or, if no longer employed by or associated with LPS, the last position or title held) position or title; and (3) each position or title that the Person held during the Relevant Time Periods with LPS and the date(s) such positions or titles were held.

K.   "Invoice" or "Invoices" refer to the final bill and/or sales receipt presented to a customer of LPS's for the purchase of merchandise, work performed, or services rendered.

L.   "Person" or "Persons" means a natural person, living or dead; a corporation, association, club, organization, limited liability company, foundation, general partnership, limited partnership, other partnership, business, trust, professional corporation, business trust, syndicate, joint venture, or other legal or identifiable entity.

M.   "Quarter" refers to a three month interval dividing a year into four periods. The first quarter encompasses January 1 – March 31; the second quarter encompasses April 1 – June 30; the third quarter encompasses July 1 – September 30; and the fourth quarter encompasses October 1 – December 31.

N. "Relevant Time Periods" as addressed in this *Request for Production of Documents* is: February 1, 2015 through October 31, 2015; from January 1, 2016 to January 31, 2016; and April 1, 2016 through June 20, 2016.

O. "Sales Receipt" or "Sales Receipts" refers to any report printed by LPS's point of sale system, or billing system, detailing the total amount of purchase, the taxes charged, and the total amount paid by cash, check, or credit card.

P. "TPT Tax" or "TPT Taxes" refers to transaction privilege taxes, which is a gross receipts tax levied by the State of Arizona or its political subdivisions on certain individuals or entities for the privilege of conducting business within the State of Arizona.

Q. "Transaction" or "Transactions" refers to any sales transaction made by cash, check, debit card or credit card for purchases of taxable items from LPS.

R. "Transfer" is intended to have the broadest possible meaning under Fed. R. Bankr. P. 9016 and Fed. R. Civ. P. 45 and includes every mode, direct or indirect, absolute or conditional, tangible or intangible, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset and includes payment of money, release, lease, creation of a lien or other encumbrance.

## III. DOCUMENTS TO BE PRODUCED

1. Provide copies of three (3) different Sales Receipts or Invoices for each Quarter from LPS which occurred within the Relevant Time Periods.

2. Provide copies of all TPT Tax return(s) for the State of Arizona or its political subdivisions, prepared for or on behalf of LPS whether filed or not, within the Relevant Time Periods.

3. Identify all Persons authorized to sign any and all tax return(s) within the Relevant Time Periods.

4. Identify all Persons authorized to make decisions on disbursements and payments to creditors within the Relevant Time Periods.

5. Identify all Persons authorized to hire and/or fire employees within the Relevant Time Periods.

6. Provide a copy of the articles of organization of LPS as well as the following information relating to LPS: (1) any amendments to the articles of organization; (2) Identify all Persons holding a membership interest and the extent of each of their ownership interest within the Relevant Time Periods; (3) Identify each and every Person who exerted financial and/or operational control of LPS within the Relevant Time Periods; (4) any operating agreements in place within the Relevant Time Periods; and (5) any formal or informal purchase agreements relating to LPS.